**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 06-145-C**

**UNITED STATES OF AMERICA,**                                          **PLAINTIFF,**

**V.**                            **MEMORANDUM OPINION AND ORDER**

**FRANCISCO RODRIGUEZ-LOPEZ and**
**ROGELIO GARCIA-MENDEZ,**                                        **DEFENDANTS.**

* * * * * * * * * *

This matter is before the court on the plaintiff's emergency motion to depose a prospective witness.  DE 110.  The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion.

On October 21, 2008, the court conducted a hearing on the motion.  At the hearing, the court ordered the United States and the defendants to file briefs by October 23, 2008, addressing (1) whether the court has jurisdiction to rule on the pending motion and (2) the proper scope of the prospective witness's testimony.  In addition, the court ordered the United States to produce medical information in support of its motion as soon as practicable.  All parties timely submitted the required information in compliance with the court's order.

The United States is seeking the court's permission to conduct a videotape deposition of a prospective witness pursuant to Fed. R. Crim. P. 15.  "The court may grant the motion because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a)(1).  The United States argues that "exceptional

circumstances" exist because the prospective witness has an extensive tumor at the base of her skull and is expected to have two surgeries to remove the tumor. The court confirmed the United States' claims as to the witness's health by reviewing a letter from the witness's physician.  In the letter, the witness's physician stated that it is unlikely that the witness will be without complications and further loss of neurologic function after the surgeries.  The physician also stated that there is no guarantee that the witness will be able to testify after the surgeries.  Because there is a strong possibility that the witness will be unable to testify at trial due to the witness's medical problems, the court finds that "exceptional circumstances" exist and grants the United States' motion to depose the witness pursuant to Fed. R. Crim. P. 15.

This case is currently on appeal before the United States Court of Appeals for the Sixth Circuit.  Interlocutory appeals "divest[] the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  In the instant case, the appeal concerns the admissibility of certain statements made in telephone calls to a defendant's cell phone.  The propriety of deposing the prospective witness is not an issue before the court of appeals.  Therefore, this court retains jurisdiction to decide the present matter.  *See e.g., United States v. Grace*, 235 F.R.D. 692, 694 (D. Mont. 2006) (holding court was not required to stay defendants' reciprocal discovery obligations until after appeal because issues on appeal were unrelated to

2

disclosure requirements).

Finally, because the grand jury issued a superseding indictment, DE 116, on October 22, 2008, issues concerning the scope of the deposition are moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's emergency motion to depose a prospective witness, DE 110, is **GRANTED**.

**IT IS FURTHER ORDERED** that the letter from M.J. Growse, M.D., clinical director of the Federal Medical Center in Lexington, Kentucky, shall be filed **UNDER SEAL** as exhibit A to this order.

Signed on  October 23, 2008

*Jennifer B Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**